# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY, *et al.*, | ) ) ) | Case No. 2:11-cv-01218-KJD-CWH |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| PERINI BUILDING COMPANY, | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on Defendant Perini Building Company's Emergency Motion for Protective Order to Stay Discovery (#42), filed December 22, 2011. Defendant seeks a protective order staying all discovery in this matter.

The Court has reviewed the motion and has determined that it will not be heard on an emergency basis. Pursuant to Local Rule 7-5(d), an "emergency motion" must be accompanied by an affidavit that sets forth (1) the nature of the emergency; (2) the contact information of the movant and all other affected parties; and (3) a statement from the movant "that, after personal consultation and sincere effort to do so," the movant was unable to resolve the matter without Court action. LR 7-5(d)(1)-(3).[1] As the court noted in *Shufflemaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996), personal consultation is "more than just a 'formulistic prerequisite' to judicial resolution." *Id*. at 172. The movant must, in addition to certifying that it personally consulted, <u>actually</u> personally consult. *Id*. at 171 (identifying both a certification and performance requirement for purposes of personal consultation). It requires the movant to "have had or attempted to have had an <u>actual</u> meeting or conference." *Id*. (emphasis added). It is well known in this district that this requires that the moving party must, at a minimum, make a sincere

---

[1] In the view of the undersigned, resolution after personal consultation could come in the form of resolution of the underlying reasons for the motion ***or*** resolution of the circumstances which required that the motion be filed as an emergency.

effort to "personally engage in two-way communication." *Id*.  It is equally well known that, absent circumstances not present here, "the mere sending of a letter ... does not constitute 'personal consultation and sincere effort.'" *E.g. Hunter v. Moran*, 128 F.R.D. 115, 116 (D. Nev. 1989).

This motion was filed on an emergency basis because responses to Plaintiff's first set of requests for production (attached as Ex. A to Def.'s Mot. (#42)) are due, according to Defendant, on December 23, 2011.  In support of its "emergency" designation, defense counsel has attached an affidavit (Ex. B to Def.'s Mot. (#42)) identifying the exchange of two letters (attached as Ex. C and Ex. D to Def.'s Mot. (#42)).  Other than the letters, there is no other evidence of personal consultation.  The exchange of letters does not satisfy the personal consultation requirement of LR 7-5(d)(3).  Given the reason for characterizing this motion as an emergency, the Court would expect some indication of an impasse on a substantive issue or refusal to extend the time for Defendant to respond to the propounded discovery.  The attached letters, however, show a much different picture.  Plaintiff's counsel clearly indicates his willingness to extend the time to respond to the propounded discovery for a reasonable period.  Nevertheless, rather than contact counsel and work out a reasonable extension pending resolution of the motion to stay discovery, Defendant filed this motion on an emergency apparently relying on (1) its own failure to personally consult and (2) the pending response deadline.  The Court will not hear this matter on an emergency basis when there has been no personal consultation and the papers clearly demonstrate the non-moving party's willingness to discuss an extension of the response deadline.  Nor will the Court grant an extension *sua sponte*.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Perini Building Company's Emergency Motion for Protective Order to Stay Discovery (#42) **will not be heard on an emergency basis**.  The standard response and reply deadlines set forth in LR 7-2 will apply.

DATED this 22nd day of December, 2011.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**