UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, *et al*., <br><br>     Plaintiffs, <br><br> v. <br><br> PERINI BUILDING COMPANY, INC., <br><br>     Defendant. | Case No. 11-CV-1218-KJD-CWH <br><br> **ORDER** |

Presently before the Court is Plaintiffs' Motion to Modify Stay (#54). Defendant filed a response in opposition (#64) to which Plaintiffs replied (#65).

I. Background

Defendant Perini Building Company, Inc. ("Perini") served as the general contractor responsible for the CityCenter construction project. That project was comprised of numerous buildings, including the Harmon Hotel ("the Harmon"). In approximately June 2008, pervasive construction defects were allegedly discovered at the Harmon. These alleged construction defects included "defective installation of reinforcing steel throughout the Harmon." Later tests allegedly revealed "structural defects in other components of the Harmon, including without limitation the

shear walls, link beams below the 6th floor, and several critical beam-to-column and slab-to-beam connections."

These alleged defects became the focus of an action now pending in Clark County, Nevada District Court (the "Underlying Action"). To help defend itself against claims in the Underlying Action, Perini sought coverage from Plaintiffs American Home Assurance Company ("AHAC") and Lexington Insurance Company ("Lexington").

On July 28, 2011, Plaintiffs filed this action against Perini seeking a declaration as to Plaintiff's coverage obligations, if any, to Perini with respect to the Underlying Action. Plaintiffs sought to have this Court declare that no duty to defend or indemnify exists under the terms of the insurance policies.

On February 6, 2012, this Court ordered that this action be stayed until the Underlying Action is resolved mainly to avoid entanglement with the state court litigation. Since that time, the Underlying Action has been delayed, in part because the scope of discovery has become significantly large. Plaintiffs now move to modify the stay, specifically asking the court to lift the stay to adjudicate Plaintiffs' motion for partial summary judgment and modify the stay to compel limited discovery by requiring Perini to provide or facilitate access to the documents already produced in the Underlying Action.

II. Legal Standard for Motions to Modify

Generally, district courts in the Ninth Circuit possess "the inherent procedural power to reconsider, rescind, or modify an interlocutory order" when it finds sufficient cause to do so. City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001). Sufficient cause to modify or reconsider is only found, however, when (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or its decision was manifestly unjust, or (3) there is an intervening change in the controlling law. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009); Snider v. Greater Nevada LLC, 426 F. App'x 493, 495 (9th Cir. 2011).

III. Motion to Lift Stay to Adjudicate Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs argue that the decision to stay as it pertains to their motion for partial summary judgment was a "clear error" that now gives this Court sufficient cause to reconsider. Plaintiffs emphasize that this court based its decision to stay on a desire to avoid entanglement with state court litigation. Plaintiffs assert that there is no entanglement issue because fault, an important element in the Underlying Action, is not relevant here. Plaintiffs argue that granting their motion for summary judgment will merely establish that coverage is precluded *only if* Perini is found in the Underlying Action to be legally obligated to pay for property damage.

This argument is inconsistent with Plaintiffs' other arguments. To illustrate, Plaintiffs state that the purpose of their summary judgment motion is to have this Court "*apply* certain exclusions within the insurance policies" (#54, page 2, line 6) (emphasis added). Specifically, Plaintiffs ask this Court to apply the policies' Builder Risk Exclusions, which preclude coverage for property damage to the Harmon caused by Perini. In order to apply the subject exclusions, this Court would have to determine whether Perini is at fault for the damage. Hence, fault is relevant here as well as in the Underlying Action. Accordingly, the Court did not make a "clear error" when it chose to stay the action to avoid entanglement, and Plaintiffs' motion to lift the stay to adjudicate their motion for partial summary judgment is denied.

IV. Motion to Modify Stay to Compel Limited Discovery

Plaintiffs next argue that the decision to stay as it pertains to discovery was "manifestly unjust," which now gives this Court sufficient cause to reconsider. Plaintiffs support this argument by referencing the vast amount of discovery that has occurred in the Underlying Action, noting that Perini alone has produced millions of pages of electronic documents and 14,000 boxes and bags of hard-copy documents. Plaintiffs assert that staying discovery until after the conclusion of the Underlying Action would result in this action being delayed by several years, which would be manifestly unjust. Plaintiffs ask this court to permit limited discovery so that Plaintiffs can make use

of the stay period to review and analyze the documents and evaluate coverage claims so that, when the stay is lifted, the case can be resolved quickly.

Perini argues that there is no need to modify the stay because Perini has already offered to grant Plaintiffs access to the documents that it has produced in the Underlying Action.[1] Perini implicitly contends that the stay is not manifestly unjust because it has not totally precluded Plaintiffs from reviewing documents and evaluating claims.

In light of the vast amount of discovery in the Underlying Action, this Court finds that the stay as it relates to discovery is manifestly unjust in that it inhibits judicial economy and unfairly causes delay. Though Perini has already granted Plaintiffs access to some of the requested discovery materials, it has omitted other documents to which Plaintiffs may be entitled. Additionally, this Court does not have reason to believe that limited discovery will prejudice Perini in the Underlying Action.[2] Accordingly, Plaintiffs' motion to modify the stay to compel limited discovery is granted.

V. Conclusion

IT IS HEREBY ORDERED that Plaintiffs' Motion to Modify Stay (#54) is **GRANTED IN PART** and **DENIED IN PART.**

DATED this 5th day of October 2012.

_____
Kent J. Dawson
United States District Judge

---

[1] Perini also argues that the stay should not be modified because Plaintiffs' discovery requests were never sought formally prior to the stay, are unreasonable, and are impossible to grant. While these objections to discovery are potentially valid, they do not address the issue of the stay itself and are therefore not relevant at this time.

[2] Determining the precise scope of discovery that should be permitted without prejudicing Perini is left to the discretion of the Magistrate Judge.