1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

AMERICAN HOME ASSURANCE,
COMPANY, *et al.*,

      Plaintiffs,

v.

PERINI BUILDING COMPANY, INC.,

      Defendant.

Case No. 2:11-CV-1218-KJD-CWH

**ORDER**

      Presently before the Court is Plaintiffs' Emergency Motion to Lift the Stay (#69). Defendant filed a response in opposition (#71) to which Plaintiffs replied (#73). Also before the Court is Plaintiffs' motion to file supplemental briefing (#74). Defendant filed a response in opposition (#75) to which Plaintiffs replied (#76).

I. Background

      Defendant Tutor Perini Building Corp. ("Perini") served as the general contractor responsible for the CityCenter construction project, which included the Harmon Hotel ("the Harmon"). In June 2008, construction defects were allegedly discovered at the Harmon, and these defects became the focus of an action now pending in Clark County, Nevada District Court (the "Underlying Action").

To help defend itself against claims in the Underlying Action, Defendant Perini sought coverage from Plaintiffs American Home Assurance Company ("AHAC") and Lexington Insurance Company ("Lexington").  On July 28, 2011, Plaintiffs filed this action against Perini, seeking a declaration of Plaintiffs' coverage obligations, if any, to Perini with respect to the Underlying Action.

On February 6, 2012, the Court issued an Order (the "Stay") mandating that this action be stayed until the Underlying Action was resolved, primarily to avoid entanglement with the state court litigation.

On October 5, 2012, Plaintiffs filed two motions, a motion to lift the Stay to adjudicate Plaintiffs' motion for partial summary judgment and a motion to modify the Stay to compel limited discovery. This Court denied Plaintiffs' first motion but granted the motion to modify the Stay to compel limited discovery, finding that it would  promote judicial economy and avoid unfair delay.

On October 18, 2012, Plaintiffs moved to lift the Stay altogether after Perini amended its complaint (the "Amendment") in the Underlying Action to include claims against MGM for failure to procure broad insurance coverage. Plaintiffs contend that Perini misled the Court into issuing the Stay in the first place by feigning concerns of prejudice.  Specifically, they argue that Perini, by amending its complaint in the Underlying Action to include coverage issues, has eradicated the Court's rationale for issuing the Stay.

On November 21, 2012, Plaintiffs filed a motion to file supplemental briefing in support of their Motion to Lift the Stay. They filed this motion after Perini filed an application in the Underlying Action for 1) a commission to depose an agent of the Plaintiffs and 2) a subpoena to produce several documents (the "requests"). Specifically, Plaintiffs' motion sought permission to brief the additional concerns allegedly raised by the requests.

II. Legal Standard for Motion to Lift the Stay

Generally, district courts in the Ninth Circuit possess "the inherent procedural power to reconsider, rescind, or modify an interlocutory order" when it finds sufficient cause to do so. See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001).

2

1    Sufficient cause to modify or reconsider is found when the district court is presented with newly

2    discovered evidence. See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873,

3    880 (9th Cir. 2009).

4         Plaintiffs argue that Perini's Amendment constitutes new evidence sufficient to urge the

5    Court to reconsider its Stay until the resolution of the Underlying Action. Because prejudice was a

6    factor in the Court's decision to issue the Stay, and because the Amendment, arguably, undermines

7    the significance of Perini's prejudice concerns, the Court finds the new evidence sufficient to warrant

8    review.

9    III. Motion to Lift the Stay

10        While Perini has often expressed prejudice concerns throughout the proceedings, this Court

11   did not grant the Stay on the exclusive basis of Perini's interest in avoiding prejudice. Construing the

12   rationale of the Stay in this confined light is incomplete and misleading. Although the Court took

13   prejudice into account, the central thrust of the Stay was and continues to be the factor-driven

14   analysis set out in Brillhart and Dizol by the Supreme Court and Ninth Circuit, respectively. See

15   Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95, 62 S.Ct. 1173, 1175 (1942);  Gov't

16   Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998) (quoting Am. States Ins. Co. V.

17   Kearns, 15 F.3d 142, 145 (9th Cir. 1994) (Garth, J., concurring)).

18        The Brillhart factors state that the district court should 1) avoid needless determinations of

19   state law; 2) discourage the filing of declaratory actions as a means of forum shopping; and 3) avoid

20   duplicative litigation. Brillhart, 316 U.S. at 494-95, 62 S.Ct. at 1175. While the Brillhart factors

21   alone favored the Court "using its discretion to not exercise jurisdiction over this declaratory action,"

22   (#52, page 7, line 25-26) the Court determined that, because Perini had failed to file a duplicate

23   declaratory judgment action in state court, the most prudent course of action would be to stay the

24   federal proceeding until the Underlying Action had been resolved. In other words, because the

25   avoidance of duplicative litigation factor favored the Plaintiffs prior to the Amendment, the Court,

26   rather than going so far as to granting the full extent of Perini's motion by refusing to exercise

3

1    jurisdiction altogether, ordered a compromise in the form of the Stay. The factors, even in light of the

2    Amendment, do not require disrupting this compromise.

3        The avoidance of needless determination of state law continues to favor Perini. The

4    traditional rule is that states are free to regulate dealings between insurers and their policyholders.

5    See Emp'rs Reinsurance Corp. v. Karussos, 65 F.3d 796, 799 (9th Cir. 1995) (quoting SEC v. Nat.

6    Sec., 393 U.S. 453, 459, 89 S.Ct. 564, 568 (1969)). Disputes between insurers and their

7    policyholders implicate matters of particular importance to states: "the states regulate insurance

8    companies for the protection of their residents, and state courts are best situated to identify and

9    enforce the public policies that form the foundation of such regulations." See id (quoting Allstate Ins.

10   Co. v. Mercier, 913 F.2d 273, 279 (6th Cir. 1990)). The Amendment does nothing to alter the

11   relationship between the claim and the state's interest.

12       The factor, avoidance of forum shopping, has not changed and continues to favor Perini; thus,

13   it does not merit discussion. However, the avoidance of duplicative litigation, which originally

14   favored the Plaintiffs, now favors Perini in light of the Amendment. The Ninth Circuit has held that,

15   when parallel actions exist in a federal and state court and involve the same parties and issues, the

16   whole suit should be heard in state court. See Dizol, 133 F.3d at 1225. Although Perini has still not

17   filed a duplicate declaratory judgment action in state court as it promised, it did something

18   substantially similar by amending its complaint to include the coverage issue.  Prior to the

19   Amendment there was merely an overlap of factual matters, not issues, but now there is an overlap of

20   factual matters and issues, making the proceedings more duplicative than they were previously.

21       However, because the Amendment has not altered the character of the Underlying Action so

22   drastically as to make it identical with the federal proceeding, the presumption of hearing the whole

23   action in state court is not triggered. That the presumption's contingencies are not satisfied,

24   although, does not suggest that the opposite result, hearing the action in federal court, is required.

25   When the actions, though similar, fall short of being identical, the Court looks to whether there is an

26   "overlap of factual questions" and a "procedural vehicle available to the insurance company in state

4

1    court to resolve the issues raised in the action filed in federal court." Polido v. State Farm Mutual

2    Auto. Ins. Co., 110 F.3d 1418, 1423 (9th Cir. 1997) (citing Karussos, 65 F.3d at 800). If anything,

3    the Amendment has increased the overlap of factual questions. Furthermore, the state court

4    continues to be available to Plaintiffs as a procedural vehicle for resolving the coverage issues,

5    although that may involve filing a state court  proceeding distinct from the Underlying Action. The

6    Ninth Circuit finds it persuasive when, as is the case here, the state court provides an adequate,

7    alternate remedy.  See American Nat'l Fire Ins. Co. v. Hungerford, 53 F.3d 1012, 1017 (9th Cir. Cal.

8    1995) (quoting Allstate Ins. Co. v. Mercier, 913 F.2d 273, 278-79 (6th Cir. Mich. 1990)); see also

9    Nev. Rev. Stat. Ann. § 30.010. Insofar as the duplicative litigation factor is concerned, the

10   post-Amendment character of the state action does not favor lifting the Stay.

11        The Dizol factors continue to support the Stay. Originally, the Court considered the

12   following: 1) whether the declaratory action will serve a useful purpose in clarifying the legal

13   relations at issue, and 2) whether the declaratory action will result in entanglement between federal

14   and state court systems. See id (quoting Kearns, 15 F.3d at 145 (Garth, J., concurring)). As to the

15   first factor, the Court found that staying the declaratory action, rather than the adjudicating it, would

16   be the most prudent way to clarify the legal relationships of the parties. As to the second factor, the

17   Court found that staying the declaratory action would prevent a premature resolution in this Court

18   from having a preclusive or estoppel effect on the Underlying Action. Plaintiffs now argue that the

19   Court's rationale for staying the Action disappeared when Perini introduced the coverage issues into

20   the Underlying Action. But it is not the introduction of coverage issues into the state court action

21   that the Court has sought and is seeking to avoid. It is the prejudice concerns Dizol identifies: the

22   issuing of a federal ruling that would have an obstructive or prohibitive impact on the state's

23   resolution of the issues. See id.

24        Taken together, the Brillhart and Dizol factors continue to support upholding the Stay and

25   denying Plaintiffs' motion.

26

5

1   IV. Motion to File Supplemental Briefing

2       Plaintiffs also argue that Perini's discovery requests subsequent to the Amendment merit

3   supplemental briefing. Since the requests merely constitute behavior that is foreseeable and expected

4   in light of the Amendment, supplemental briefing would not elucidate the implications of the

5   Amendment further. The concerns the requests have introduced are not distinct from the concerns

6   the Amendment has introduced. Therefore, the motion to file supplemental briefing is denied.

7   V. Conclusion

8       Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Lift the Stay (#69) is

9   **DENIED**;

10      IT IS FURTHER ORDERED that Plaintiffs' Motion to File Supplemental Briefing (#74) is

11  **DENIED.**

12      DATED this 23rd day of May 2013.

_____
Kent J. Dawson
United States District Judge